IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-615-FL

| | |
|---|---|
| TIMOTHY VANBUREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-14 & 19). Plaintiff has also filed a response (DE-21), and the time for filing any additional responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-19) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") on October 9, 2008, alleging disability beginning November 30, 2006. (Tr. 35). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who

determined that Plaintiff was not disabled in a decision dated October 22, 2010. *Id*. at 35-42. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on May 27, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 16-21. Plaintiff filed the instant action on November 3, 2011. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2006. (Tr. 37).

3

At step two, the ALJ found that Plaintiff had the following severe impairments: 1) degenerative disc disease; 2) left shoulder injury; 3) carpal tunnel syndrome; and 4) a hearing deficit. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id*. Specifically, the ALJ found that Plaintiff:

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that he needed work that allowed for the option of alternating sitting/standing for 30 minutes at a time; work that did not require overhead reaching or constant use of hands; and work that did not require more than frequent oral communication.
>
> *Id.* at 37.

The ALJ then determined that Plaintiff was unable to perform his past relevant work. *Id*. at 40. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id*. at 40-41. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 41-42.

Plaintiff asserts one assignment of error: that the ALJ "erred by not evaluating the medical assessment of Plaintiff's treating physicians regarding his functional limitations . . ." (DE-15, pg. 9). The undersigned agrees. In evaluating a claim for DIB, the ALJ must adequately explain his evaluation of a claimant's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989); Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985). He must also explicitly indicate the weight given to all relevant evidence. Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). *See also*, Hines, 872 F.2d at 59.

Likewise, "an ALJ must discuss the evidence in the record and explain his reasons for not finding a disability." Byrd v. Astrue, 2012 WL 293304, * 4 (N.D.W.Va. February 1, 2012)(quotations omitted). "While an ALJ is not required to discuss every piece of evidence, he should discuss the evidence supporting his decision and the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* (quotations omitted). Here, the ALJ failed to do so.

Dr. R. Peters opined on November 29, 2006 that Plaintiff was limited to sedentary work and was unable to bend, squat, kneel, climb or perform overhead work. (Tr. 247).

Plaintiff was examined by Dr. Catherine Duncan on February 13, 2007. *Id.* at 308. Dr. Duncan opined that Plaintiff could lift no more than 10 pounds, and that Plaintiff should avoid pushing, pulling and bending. *Id.* at 309. After a June 23, 2008 examination, Dr. Duncan continued Plaintiff on these restrictions. *Id.* at 330. Again on September 22, 2008, Dr. Duncan stated that Plaintiff could lift no more than 10 pounds. *Id*. at 450

Dr. Brian Szura examined Plaintiff on March 18, 2008. *Id.* at 442. Plaintiff was "in constant discomfort." *Id.* It was noted that Plaintiff had undergone a "failed shoulder surgery." *Id.* at 443.

On September 9, 2008, Dr. Kevin Speer assigned Plaintiff a 20 % partial permanent impairment rating. *Id.* at 446. Dr. Speer also indicated that Plaintiff "will need permanent restrictions to include 20 pounds lifting and no repetitive overhead activities." *Id.*

Dr. Cara Siegel examined Plaintiff on December 16, 2008. *Id.* at 485. She opined that Plaintiff had a permanent partial impairment rating of 15% due to persistent complaints of pain. *Id.* at 487. At Dr. Siegel's instruction, Plaintiff underwent "return to work testing" on December 22, 2008. *Id.* at 551-554. It was determined, *inter alia*, that Plaintiff could lift and/or carry no

more than 15 pounds. *Id.* at 553.

The ALJ did not specifically discuss the findings of Drs. Duncan, Peters, Szura, Speer, and Siegel. Nor did he discuss or analyze Plaintiff's return to work testing. Likewise, the ALJ did not specifically weigh the opinions of Drs. Duncan and Peters. The ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

Nonetheless, when the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given

to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp. 2d 869, 873 (D.S.C. July 5, 2000).

Here, the aforementioned portions of the medical record conflict with the ALJ's RFC finding. The ALJ's analysis of these conflicting findings ranged from incomplete to non-existent. These errors were not harmless. Shinseki v. Sanders, 556 U.S. 396 (2009); Garner v. Astrue, 2011 WL 2451723, *1, fn* (4th Cir. 2011)(unpublished opinion). Accordingly, this matter should be remanded for additional administrative proceedings.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-19) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, October 23, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE